**JING–XUAN ZHENG, Petitioner,**

v.

**Alberto R. GONZALES,[1] Attorney General, Respondent.**

No. 03–41009–AG.

United States Court of Appeals, Second Circuit.

June 12, 2006.

Thomas M. Griffin, Morley Surin & Griffin, P.C., Philadelphia, PA, for Petitioner.

Steven K. Mullins, United States Attorney for the District of South Dakota, Jan L. Holmgren, Assistant United States Attorney, Sioux Falls, SD, for Respondent.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent.

Present RICHARD J. CARDAMONE, DENNIS JACOBS and RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Petitioner Jing–Xuan Zheng, a citizen of the People's Republic of China, petitions for review of an order of the BIA affirming a decision of Immigration Judge ("IJ") Theresa Holmes–Simmons rejecting his application for asylum, withholding of removal, and Convention Against Torture ("CAT") relief. We assume the parties' familiarity with the facts, the procedural history, and the issues on appeal.

"[W]here the BIA summarily affirms the decision of the IJ, we review the IJ's decision directly." *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004).

Here, the IJ found Zheng not credible because significant portions of Zheng's testimony were inconsistent with his wife's testimony, particularly regarding the birth of his first son who allegedly died from a heart condition. The IJ found that there was a lack of corroborating evidence to demonstrate that he ever had a son who had died of a heart condition, such as medical or school records or any other relevant documents. Moreover, the IJ found that Zheng's wife's medical documentation indicated that she did not tell her American doctors that she ever had an abortion or a child who died of a heart condition, or even that she was pregnant more than twice. Since all of these inconsistencies and omissions are central to Zheng's claim that his wife underwent a forced abortion because she had violated China's family planning policy, the IJ's adverse credibility finding was proper and supported by substantial evidence in the record. Because the IJ's credibility finding was supported by substantial evidence, it follows that the IJ also properly rejected his application for asylum and withholding of removal. *See Wu Biao Chen v. INS,* 344 F.3d 272, 276 (2d Cir.2003) (per curiam).

Finally, in his appellate brief, Zheng does not mention, or in any way challenge the IJ's decision on his CAT claim, and therefore that claim is deemed waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 n. 7 (2d Cir.2005) (finding that issues not sufficiently raised in one's appellate brief are waived).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this proceeding is VACATED, and any pending motion for a stay of deportation in this proceeding is DENIED as moot. Any pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).